UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

        Plaintiff,                      REPORT AND
                                            RECOMMENDATION
      -against-                      24 CV 2003 (NRM)(RML)

ROBERT MOORE,

        Defendant.
---------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated April 28, 2025, the Honorable Nina R. Morrison, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied at this time.

## BACKGROUND AND FACTS

        Plaintiff Philadelphia Indemnity Insurance Company ("plaintiff"), a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pennsylvania, commenced this action on March 19, 2024, against defendant Robert Moore ("defendant"), a resident of Florida. (Complaint, dated Mar. 19, 2024 ("Compl."), Dkt. No. 1, ¶¶ 1, 5.) The complaint seeks compensation for amounts plaintiff paid to the Ocean Woods Condominium Association in Staten Island, New York under a property insurance policy, due to damage from a fire on April 13, 2023, allegedly caused by the negligence of defendant, who was staying at the property at that time. (Id. ¶¶ 9-11.) Defendant was served with the summons and complaint on December 30, 2024. (See Affidavit of Service of Kyle Clutter, sworn to Dec. 30, 2024, Dkt. No. 14.) Defendant did not answer or move with respect to the complaint, and on March 13, 2025, the Clerk of the Court noted defendant's default. (Clerk's Entry of Default, dated Mar. 13, 2025

("Clerk's Entry"), Dkt. No. 16.)  Plaintiff now moves for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## DISCUSSION

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted).  First, the party seeking default judgment must obtain an entry of default against the party who has failed to defend under Rule 55(a).  Id. Plaintiff has done so here.  (Clerk's Entry.)  Second, the moving party must obtain entry of a default judgment under Rule 55(b).  At the second step, a court "first assure[s] itself that it has personal jurisdiction." Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213 (2d Cir. 2010).  If it lacks jurisdiction, the court may "dismiss an action sua sponte" rather than enter default judgment. Id. (quoting In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999)).  The standard for assessing jurisdiction is similar to that on a motion to dismiss: the court accepts the plaintiff's "factual allegations as true and draw[s] all reasonable inferences in its favor," Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009), and the plaintiff need only make a "prima facie showing" of personal jurisdiction over the defendant. SEC v. Aimsi Techs., Inc., 650 F. Supp. 2d 296, 301 (S.D.N.Y. 2009).

According to the complaint, defendant resides in Florida.  (Compl. ¶ 5.)  A court evaluating personal jurisdiction over an out-of-state defendant must first determine if jurisdiction exists under the law of the forum state; if so, the court must then evaluate whether the exercise of personal jurisdiction comports with due process under the United States Constitution. Yih v. Taiwan Semiconductor Mfg. Co., 815 F. App'x 571, 573 (2d Cir. 2020) (citing Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 168 (2d Cir. 2013)); see also Emerald Asset

Advisors, LLC v. Schaffer, 895 F. Supp. 2d 418, 429 (E.D.N.Y. 2012) ("Personal jurisdiction over a non-resident defendant in a federal diversity action is determined by the law of the forum state.") (citation omitted).

"There are two categories of personal jurisdiction: general and specific personal jurisdiction." Thackurdeen v. Duke Univ., 130 F. Supp. 3d 792, 798 (S.D.N.Y. 2015) (quoting Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 134 (2d Cir. 2014)) (internal quotation marks omitted). General, all-purpose jurisdiction permits a court to hear any and all claims against a defendant who is domiciled in New York or has "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (quoting McGowan v. Smith, 419 N.E.2d 321, 323 (N.Y. 1981)). "Specific jurisdiction, on the other hand, permits adjudicatory authority only over issues that aris[e] out of or relat[e] to the [individual]'s contacts with the forum state." Thackurdeen, 130 F. Supp. 3d at 798 (quoting Gucci Am., 768 F.3d at 134).

Plaintiff asserts no basis for general jurisdiction over defendant, but the allegations do support the exercise of specific personal jurisdiction. Under N.Y. C.P.L.R. § 302(a)(2), a court may exercise personal jurisdiction over a non-domiciliary who "commits a tortious act within the state." N.Y. C.P.L.R. § 302(a)(2). "[T]here is no minimum threshold of activity required so long as the cause of action arises out of the allegedly [tortious] activity in New York." City of New York v. Hatu, No. 18 CV 848, 2019 WL 2325902, at *5 (S.D.N.Y. May 31, 2019) (quoting Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 567 (S.D.N.Y. 2000)). According to plaintiff, defendant negligently ignited a fire while staying at the subject property in Staten Island, causing plaintiff to sustain damages totaling $1,419,160.71. (Compl. ¶¶ 11, 13–

3

17; Declaration of John Smith in Support of Application for Entry of Default Judgment, dated Apr. 21, 2025 ("Smith Decl."), Dkt. No. 17, ¶¶ 10–11.)  This is sufficient for the exercise of specific personal jurisdiction, as it alleges that defendant committed a tortious act within the state and the cause of action arises from that act.  N.Y. C.P.L.R. § 302(a)(2).

Next, the due process inquiry requires an analysis of whether the defendant has sufficient minimum contacts with the forum state to establish personal jurisdiction and whether exercising personal jurisdiction would be reasonable given the circumstances of this case.  See Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 164 (2d Cir. 2010).  As with New York's long-arm statute, these minimum contacts must be related to plaintiff's claims.  Id. at 166 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) ("When a controversy is related to or arises out of a defendant's contacts with the forum, the Court has said that a relationship among the defendant, the forum, and the litigation is the essential foundation of in personam jurisdiction.") (internal quotation marks and citation omitted)).  Reasonableness is then assessed using the following factors: (1) the burden that the exercise of jurisdiction will impose on the defendant, (2) the interests of the forum state in adjudicating the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the shared interest of the states in furthering substantive social policies.  Id. at 164–65 (citing Asahi Metal Indus. Co. v. Superior Ct. of Ca., 480 U.S. 102, 113 (1987)).  Once minimum contacts are shown, "the exercise of jurisdiction is favored" unless the defendant presents "a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  Smart Study Co. v. A Pleasant Trip Store, No. 20 CV 1733, 2020 WL 2227016, at *4 (S.D.N.Y. May 7, 2020) (citing Metro Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996)).  As the

4

Second Circuit has suggested, it is the rare case where the exercise of personal jurisdiction pursuant to N.Y. C.P.L.R. § 302(a) is unconstitutional under the Due Process Clause. See, e.g., Licci, 732 F.3d at 170 (noting that while § 302(a) is "not coextensive" with the Due Process Clause, a case would be "rare" in which contacts satisfy the statute yet fail to comport with due process).

This court's assertion of personal jurisdiction over defendant comports with due process. First, New York has a strong interest in adjudicating cases involving torts committed in this state. Second, plaintiff's claim arises from defendant's contacts with New York. Third, by defaulting, defendant has not met his burden to show that personal jurisdiction would be unreasonable or burdensome. In addition, the constitutional requirements of personal jurisdiction are satisfied because application of § 302(a) generally meets due process requirements. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 105 (2d Cir. 2006) (citing United States v. Montreal Tr. Co., 358 F.2d 239, 242 (2d Cir. 1966)). In sum, the exercise of personal jurisdiction over defendant complies with New York's long-arm statute and comports with due process.

However, "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Century Sur. Co. v. Atweek, Inc., No. 16 CV 335, 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018). Local Civil Rule 7.1 requires all motions to include, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." LOC. CIV. R. 7.1(a)(2). The omission of a memorandum of law is sufficient to warrant denial of a motion for default judgment. See Lopez v. Metro & Graham LLC, No. 22 CV 332, 2022 WL 18809176, at *3

5

(E.D.N.Y. Dec. 16, 2022), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) ("The failure to comply with Local Rule 7.1 is enough on its own for a court to deny the motion."); Woo Hee Cho v. Oquendo, No. 16 CV 4811, 2018 WL 9945701, at *1 n.2 (E.D.N.Y. Aug. 25, 2018) (denying a motion for default judgment on grounds that plaintiff violated Local Civil Rule 7.1 by failing to file a memorandum of law); see also Loc. Civ. R. 55.2(a)(2) ("[A]ny party seeking a default judgment must file . . . the papers required by Local Civil Rule 7.1, including a memorandum of law[.]").

Plaintiff has failed to file a memorandum of law with its motion for default judgment as required by Local Civil Rule 7.1.  Although plaintiff submitted the declaration of plaintiff's Senior Subrogation Examiner, John Smith (see Smith Decl.), that declaration is not a substitute for a memorandum of law.  Lopez, 2022 WL 18809176, at *3 ("Although Plaintiff's counsel submitted an attorney declaration in support of the Motion containing his legal argument, such an affirmation does not take the place of a memorandum of law."); Dejana Indus., Inc. v. Vill. of Manorhaven, No. 12 CV 5140, 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation.").

In addition, Local Civil Rule 55.2(a)(3) requires that all papers submitted in connection with a motion for a default judgment be mailed to the "last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2 (a)(3).  Plaintiff has submitted an Affirmation of Service attesting that it served defendant with its default motion papers by mailing them to Allstate Indemnity Company – Claims Department c/o CT Corporations System at 208 South LaSalle Street Suite 814, Chicago, IL 60604-1101.  (Affirmation of Service of Jeffrey M. Zielinski, Esq.,

dated Apr. 21, 2025, Dkt. No. 17, at 5.) That is not defendant's last known residence. Although this court granted plaintiff's motion for alternative service of the summons and complaint, giving it permission to serve defendant via his insurance carrier, Allstate Indemnity Company, because he could not be located at that time (see Order, dated Dec. 19, 2024), such service of the default motion papers does not comport with Local Civil Rule 55.2(a)(3). See Allstate Ins. Co. v. Abramov, No. 16 CV 1465, 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019) ("While service of the Complaint at a business address is sufficient for an individual defendant, when the plaintiff seeks default against that individual, the motion for default judgment must be served at the person's last known residence."), report and recommendation adopted, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (denying default judgment motion in its entirety because plaintiff improperly served ten of twenty-five defaulting defendants with the motion).

Finally, the Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(b)(1)(A); see also LOC. CIV. R. 55(a)(1)(B) ("[A]ny party seeking a default judgment must file . . . an affidavit or declaration showing that . . . the party seeking default judgment has complied with the [SCRA.]"); Windward Bora, LLC v. Ortiz, No. 21 CV 4154, 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), report and recommendation adopted, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022) ("[F]ailure to comply with [the SCRA] requirement warrants denial of Plaintiff's motion for default."). "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." Apex Maritime Co. v. Furniture, Inc., No. 11 CV 5365, 2012 WL 1901266, at *1 (E.D.N.Y. May 18,

2012) (citations omitted).  "The court lacks the power to excuse compliance with th[is] statute." Uribe v. Nieves, No. 17 CV 5155, 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) (citation omitted).  To ensure compliance with the SCRA, a plaintiff can "obtain a report certifying active-duty military status through the [SCRA] website."  Morales v. Los Cafetales Rest. Corp., No. 21 CV 1868, 2023 WL 375647, at *5 n.3 (E.D.N.Y. Jan. 3, 2023), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023) (citing https://scra.dmdc.osd.mil/scra).  The declaration of plaintiff's Senior Subrogation Examiner, John Smith, states: "[u]pon information and belief, Mr. Moore, an adult individual, is not . . . in the military."  (Smith Decl. ¶ 9.)  This is insufficient because it does not describe any investigation Smith might have conducted to form that belief.  See Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez, 712 F. Supp. 3d 324, 332 (E.D.N.Y. 2024) (explaining that the non-military affidavit required for default judgment pursuant to the SCRA must be based on facts adduced from an investigation conducted after the defendant defaults and that "[a]dequate proof might consist of a report from the Department of Defense's website obtained after the defendant's default certifying that the defendant is not in active military service.").  Plaintiff's failure to file a proper non-military affidavit requires denial of its motion for default judgment.

    Due to these procedural deficiencies, I respectfully recommend that plaintiff's motion for default judgment be denied without prejudice and with leave to remedy the defects within thirty days.

## CONCLUSION

    For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be denied without prejudice.  Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on defendant by regular mail at his last known address, and to file proof of service with the court within ten days of the date of this Report and

Recommendation. Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

                                      Respectfully submitted,

                                      _____/s/_____
                                      ROBERT M. LEVY
                                      United States Magistrate Judge

Dated: Brooklyn, New York
        December 16, 2025